## JOHNSON *v.* POWERS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF NEW YORK.

No. 147. Argued January 12, 13, 1891. — Decided March 9, 1891.

An administrator appointed in one State cannot as such maintain any suit in another State.

A judgment recovered against an administrator in one State is no evidence of debt in a suit by the same plaintiff in another State against third persons having assets of the deceased.

The allowance, by commissioners appointed by a probate court in the State of Michigan, pursuant to statute, of a claim against the estate of a deceased person, upon a hearing to which the only party is the administrator in his personal capacity as claimant, and in his representative capacity as defendant, is no evidence of debt in a suit in equity by him in the Circuit Court of the United States in New York to recover from other persons assets of the deceased.

APPEAL from a decree dismissing a bill in equity. The case is stated in the opinion.

*Mr. A. H. Garland* (with whom was *Mr. H. J. May* on his brief) for appellant. *Mr. Joseph P. Whittemore* filed a brief for same.

---

*Mr. William F. Cogswell* for appellees.

Mr. Justice Gray delivered the opinion of the court.

This is a bill in equity, filed in the Circuit Court of the United States for the Northern District of New York, by George K. Johnson, a citizen of Michigan, in behalf of himself and of all other persons interested in the administration of the assets of Nelson P. Stewart, late of Detroit in the county of Wayne and State of Michigan, against several persons, citizens of New York, alleged to hold real estate in New York under conveyances made by Stewart in fraud of his creditors.

The bill is founded upon the jurisdiction in equity of the Circuit Court of the United States, independent of statutes or practice in any State, to administer, as between citizens of different States, any deceased person's assets within its jurisdiction. *Payne* v. *Hook,* 7 Wall. 425; *Kennedy* v. *Creswell,* 101 U. S. 641.

At the threshold of the case, we are met by the question whether the plaintiff shows such an interest in Stewart's estate as to be entitled to invoke the exercise of this jurisdiction.

He seeks to maintain his bill, both as administrator, and as a creditor, in behalf of himself and all other creditors of Stewart.

The only evidence that he was either administrator or creditor is a duly certified copy of a record of the probate court of the county of Wayne and State of Michigan, showing his appointment by that court as administrator of Stewart's estate; the subsequent appointment by that court, pursuant to the statutes of Michigan, of commissioners to receive, examine and adjust all claims of creditors against the estate; and the report of those commissioners, allowing several claims, including one to this plaintiff, "George K. Johnson, for judgments against claimant in Wayne Circuit Court as endorser," and naming him as administrator as the party objecting to the allowance of all the claims.

The plaintiff certainly cannot maintain this bill as administrator of Stewart, even if the bill can be construed as framed in

that aspect; because he admits that he has never taken out letters of administration in New York; and the letters of administration granted to him in Michigan confer no power beyond the limits of that State, and cannot authorize him to maintain any suit in the courts, either State or national, held in any other State. *Stacy* v. *Thrasher*, 6 How. 44, 58; *Noonan* v. *Bradley*, 9 Wall. 394.

The question remains whether, as against these defendants, the plaintiff has proved himself to be a creditor of Stewart. The only evidence on this point, as already observed, is the record of the proceedings before commissioners appointed by the probate court in Michigan. It becomes necessary therefore to consider the nature and the effect of those proceedings.

They were had under the provisions of the General Statutes of Michigan, (2 Howell's Statutes, §§ 5888–5906,) "the general idea" of which, as stated by Judge Cooley, "is that all claims against the estates of deceased persons shall be duly proved before commissioners appointed to hear them, or before the probate court when no commissioners are appointed. The commissioners act judicially in the allowance of claims, and the administrator cannot bind the estate by admitting their correctness, but must leave them to be proved in the usual mode." *Clark* v. *Davis*, 32 Michigan, 154, 157. The commissioners, when once appointed, become a special tribunal, which, for most purposes, is independent of the probate court, and from which either party may appeal to the circuit court of the county; and, as against an adverse claimant, the administrator, general or special, represents the estate, both before the commissioners and upon the appeal. 2 Howell's Statutes, §§ 5907–5917; *Lothrop* v. *Conely*, 39 Michigan, 757. The decision of the commissioners, or of the circuit court on appeal, should properly be only an allowance or disallowance of the claim, and not in the form of a judgment at common law. *La Roe* v. *Freeland*, 8 Michigan, 530. But, as between the parties to the controversy, and as to the payment of the claim out of the estate in the control of the probate court, it has the effect of a judgment, and cannot be collaterally impeached by either of those parties. *Shurbun* v. *Hooper*, 40 Michigan, 503.

Those statutes provide that, when the administrator declines to appeal from a decision of the commissioners, any person interested in the estate may appeal from that decision to the circuit court; and that, when a claim of the administrator against the estate is disallowed by the commissioners and he appeals, he shall give notice of his appeal to all concerned by personal service or by publication. 2 Howell's Statutes, §§ 5916, 5917. It may well be doubted whether, within the spirit and intent of these provisions, the administrator, when he is also the claimant, is not bound to give notice to other persons interested in the estate, in order that they may have an opportunity to contest his claim before the commissioners; and whether an allowance of his claim, as in this case, in the absence of any impartial representative of the estate, and of other persons interested therein, can be of any binding effect, even in Michigan. See *Lothrop* v. *Conely*, above cited.

But we need not decide that point, because upon broader grounds it is quite clear that those proceedings are incompetent evidence, in this suit and against these defendants, that the plaintiff is a creditor of Stewart or of his estate.

A judgment *in rem* binds only the property within the control of the court which rendered it; and a judgment *in personam* binds only the parties to that judgment and those in privity with them.

A judgment recovered against the administrator of a deceased person in one State is no evidence of debt, in a subsequent suit by the same plaintiff in another State, either against an administrator, whether the same or a different person, appointed there, or against any other person having assets of the deceased. *Aspden* v. *Nixon*, 4 How. 467; *Stacy* v. *Thrasher*, 6 How. 44; *McLean* v. *Meek*, 18 How. 16; *Low* v. *Bartlett*, 8 Allen, 259.

In *Stacy* v. *Thrasher*, in which a judgment, recovered in one State against an administrator appointed in that State, upon an alleged debt of the intestate, was held to be incompetent evidence of the debt in a suit brought by the same plaintiff in the Circuit Court of the United States held within another State against an administrator there appointed of the same

intestate, the reasons given by Mr. Justice Grier have so strong a bearing on the case before us, and on the argument of the appellant, as to be worth quoting from :

" The administrator receives his authority from the ordinary, or other officer of the government where the goods of the intestate are situate. But coming into such possession by succession to the intestate, and encumbered with the duty to pay his debts, he is considered in law as in privity with him, and therefore bound or estopped by a judgment against him. Yet his representation of his intestate is a qualified one, and extends not beyond the assets of which the ordinary had jurisdiction." 6 How. 58.

In answering the objection that to apply these principles to a judgment obtained in another State of the Union would be to deny it the faith and credit, and the effect, to which it was entitled by the Constitution and laws of the United States, he observed that it was evidence, and conclusive by way of estoppel, only between the same parties, or their privies, or on the same subject matter when the proceeding was *in rem;* and that the parties to the judgments in question were not the same; neither were they privies, in blood, in law or by estate; and proceeded as follows :

"An administrator under grant of administration in one State stands in none of these relations to an administrator in another. Each is privy to the testator, and would be estopped by a judgment against him; but they have no privity with each other, in law or in estate. They receive their authority from different sovereignties, and over different property. The authority of each is paramount to the other. Each is accountable to the ordinary from whom he receives his authority. Nor does the one come by succession to the other into the trust of the same property, encumbered by the same debts." 6 How. 59, 60.

" It is for those who assert this privity to show wherein it lies, and the argument for it seems to be this : That the judgment against the administrator is against the estate of the intestate, and that his estate, wheresoever situate, is liable to pay his debts; therefore the plaintiff, having once established

his claim against the estate by the judgment of a court, should not be called on to make proof of it again. This argument assumes that the judgment is *in rem*, and not *in personam*, or that the estate has a sort of corporate entity and unity. But this is not true, either in fact or in legal construction. The judgment is against the person of the administrator, that he shall pay the debt of the intestate out of the funds committed to his care. If there be another administrator in another State, liable to pay the same debt, he may be subjected to a like judgment upon the same demand, but the assets in his hands cannot be affected by a judgment to which he is personally a stranger." "The laws and courts of a State can only affect persons and things within their jurisdiction. Consequently, both as to the administrator and the property confided to him, a judgment in another State is *res inter alios acta.* It cannot be even *prima facie* evidence of a debt; for if it have any effect at all, it must be as a judgment, and operate by way of estoppel." 6 How. 60, 61.

In *Low* v. *Bartlett*, above cited, following the decisions of this court, it was held that a judgment allowing a claim against the estate of a deceased person in Vermont, under statutes similiar to those of Michigan, was not competent evidence of debt in a suit in equity brought in Massachusetts by the same plaintiff against an executor appointed there, and against legatees who had received money from him; the court saying: "The judgment in Vermont was in no sense a judgment against them, nor against the property which they had received from the executor." 8 Allen, 266.

In the case at bar, the allowance of Johnson's claim by the commissioners appointed by the probate court in Michigan, giving it the utmost possible effect, faith and credit, yet, if considered as a judgment *in rem*, bound only the assets within the jurisdiction of that court, and, considered as a judgment *inter partes*, bound only the parties to it and their privies. It was not a judgment against Stewart in his lifetime, nor against his estate wherever it might be; but only against his assets and his administrator in Michigan. The only parties to the decision of the commissioners were Johnson, in his personal

capacity, as claimant, and Johnson, in his representative capacity, as administrator of those assets, as defendant. The present defendants were not parties to that judgment, nor in privity with Johnson in either capacity. If any other claimant in those proceedings had been the plaintiff here, the allowance of his claim in Michigan would have been no evidence of any debt due to him from the deceased, in this suit brought in New York to recover alleged property of the deceased in New York from third persons, none of whom were parties to those proceedings, or in privity with either party to them. The fact that this plaintiff was himself the only party on both sides of those proceedings cannot, to say the least, give the decision therein any greater effect against these defendants.

The objection is not that the plaintiff cannot maintain this bill without first recovering judgment on his debt in New York, but that there is no evidence whatever of his debt except the judgment in Michigan, and that that judgment, being *res inter alios acta*, is not competent evidence against these defendants.

This objection being fatal to the maintenance of this bill, there is no occasion to consider the other questions, of law or of fact, mentioned in the opinion of the Circuit Court and discussed at the bar.

*Decree affirmed.*

MR. JUSTICE BROWN dissenting.

I am constrained to dissent from the opinion of the court in this case. This is a bill by a creditor to reach the assets of his insolvent and deceased debtor, alleged to have been fraudulently conveyed by him before his death. Did the plaintiff sue in his capacity as administrator, it is freely conceded that under the case of *Noonan* v. *Bradley*, 9 Wall. 394, his bill could not be maintained. But, while the bill recites his appointment as administrator, it is rather by way of introduction to the proceedings which were subsequently had in the probate court than as an independent title to relief. After the recital of such proceedings, the bill proceeds to state in substance that during the year 1874 commissioners were duly

appointed by the probate court having jurisdiction of the estate of the decedent, to hear, determine and adjudicate upon claims of creditors against said estate, before whom plaintiff appeared and presented his claim as creditor of said Stewart, which said claim was proved before said commission, and judgment rendered in favor of plaintiff for $84,975.04. And the report of said proceedings and judgment was duly filed in said probate court on February 3; 1875.

It is further averred that said Stewart at his decease left no property, real or personal, in the State of Michigan, except certain real estate alleged to have been fraudulently conveyed, and that his estate was utterly and hopelessly insolvent; but that upon suit by plaintiff as administrator against the fraudulent transferees of such real estate, about 7 per cent of the aggregate indebtedness proved in the probate court was recovered.

The bill further states that no administration has ever been applied for or had in the State of New York, and that decedent left no personal or other assets in that State, except the real estate sought to be reached by this bill.

By Howell's Statutes of Michigan, section 5888, when "letters testamentary or of administration shall be granted by the judge of any court of probate, such judge may, in his discretion, . . . appoint two or more suitable persons to be commissioners to receive, examine and adjust all claims and demands of all persons against the deceased," etc. These commissioners give public notice of their meeting, proceed to hear testimony, and adjudge as to the validity of each claim presented. By section 5898 they are required to make report of claims allowed, and by section 5902, "when commissioners shall be appointed . . . no action shall be commenced against the executor or administrator . . . until the expiration of the time limited by the court for the payment of the debts." By the construction given to these sections by the Supreme Court of Michigan, the commissioners are an independent special tribunal, (*Lothrop* v. *Conely*, 39 Michigan, 757,) and while not a court, in the constitutional sense, they act judicially in the allowance of claims. *Fish* v. *Morse*, 8 Michi-

gan, 34; *Clark* v. *Davis*, 32 Michigan, 154, 157; *Shurbun* v. *Hooper*, 40 Michigan, 503. Their decisions, unless appealed from, are final, and are to all intents and purposes judgments, except that no execution can issue upon them. But the amount allowed in each case becomes a debt which the administrator is bound to pay from the assets of the estate. Indeed, it is not perceived why these are not "judicial proceedings" within the meaning of Article 4 of the Constitution, to which "full faith and credit" must be given by the courts of other States.

It is true that these proceedings are not binding upon others than parties and privies, and if this were an action against the administrator of the same estate in the State of New York it is conceded at once that under the case of *Stacy* v. *Thrasher*, 6 How. 44, the action would not lie. But it is difficult to see how the defendants in this case could be made parties to a suit at law to recover this debt, for which they are certainly not primarily liable, nor is there any one against whom an action could be brought in the State of New York, since there is no administrator or other representative of Stewart's estate there who could be made defendant in such suit. I had supposed that the only objects of obtaining a judgment as the foundation for a bill of this description were, either to fix the status of the plaintiff as a creditor, or to show, by an execution returned unsatisfied, that he had exhausted his remedy at law. In this case, as before stated, no execution could issue under the practice in Michigan, and the averments of the bill show that even if it could have issued, it would have been unavailing, since the estate was hopelessly insolvent, and there was no property subject to execution. Of course no execution could issue in New York, and there was no person there against whom an action could be brought or a judgment obtained. I see no reason why this case is not controlled in this particular by that of *Case* v. *Beauregard*, 101 U. S. 688, in which it was held that, while it was true that a creditor's bill to subject a debtor's interest in property to the payment of the debt must show that all remedy at law had been exhausted, and generally it must be averred that judgment

had been recovered for the debt, and execution issued and returned unsatisfied, after all, these were only evidences that the legal remedies had been exhausted, and not the only possible means of proof ; and that, where it appeared by the bill that the debtor was insolvent, and the issuing of an execution would be of no practical utility, the issue of such execution is not a necessary prerequisite to equitable interference. Such was also the ruling of this court in *Sage* v. *Memphis & Little Rock Railroad,* 125 U. S. 361, 376. Indeed, it appears from the case of *Kennedy* v. *Creswell,* 101 U. S. 641, that a creditor of a deceased person has a right to go into a court of equity for a discovery of assets and the payment of his debts, though he may never have obtained judgment at all. " When there," says Mr. Justice Bradley, " he will not be turned back to a court of law to establish the validity of his claim. The court being in rightful possession of the cause for a discovery and account, will proceed to a final decree upon all the merits." In that case, the plaintiffs appeared only as the holders of a note against the deceased. In the case under consideration, the debt is evidenced by the allowance of plaintiff's claim by the probate court in Michigan. I fail to understand how the defendants in this case could have been made parties to such proceedings, or to appreciate the necessity of such action, although they would be at liberty to insist that the probate court had no jurisdiction to allow the claim, and perhaps also that the claim itself was not valid against the estate.

As the other questions are not discussed by the court, I do not deem it necessary to express an opinion upon them.