UNION TRUST CO. v. ATCHISON, T. & S. F. R. CO.

(Circuit Court, D. Massachusetts. June 3, 1898.)

No. 438.

ANCILLARY RECEIVERS—ACTIONS AGAINST.

Ancillary receivers in Massachusetts of a Kansas railroad company are not liable for a tort committed by the original receivers of the company in Kansas.

This was an intervening petition, claiming damages of the receivers of the Atchison, Topeka & Santa Fé Railroad Company for personal injuries sustained by the petitioner while a passenger on a train.

Louis D. Brandeis, for receivers.

Sherman L. Whipple, for petitioner.

LOWELL, District Judge. The petition sets out that the Atchison Railroad and all its assets were placed in the hands of Walker and McCook, as receivers, said persons having been appointed as receivers by this court; that the said receivers, on October 5, 1895, were operating a train on the said railroad, in which train the petitioner was a passenger; and that the petitioner, while so traveling, was injured by the negligent management of the train, wherefore she asks this court to grant to her a trial by jury upon her claim for damages, and that the said receivers be notified by this court to appear and make answer to her claim. The answer sets out that the receivers appointed by this court have never operated any train, and that the injuries suffered by the petitioner were suffered in Kansas. It was stated in argument without contradiction, and it appears sufficiently from other papers in the case, that the train in question was operated by the named persons as receivers of the Atchison Railroad, appointed by the United States circuit court for the district of Kansas, in which state the named persons were originally made receivers of the Atchison Railroad, and that the receivership in Massachusetts is ancillary. The relation of ancillary receivers to the original and principal receivers of a corporation has not yet been fully defined, nor have the courts yet determined precisely in what respects they are to be treated as identical, and in what respects as separate legal persons. For the determination of this question, it would seem to be unimportant whether the original and ancillary receivers are the same or different natural persons.

The case of Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, decides that a judgment obtained against an ancillary receiver in the state of his appointment binds only the property in his custody as such ancillary receiver, and ancillary receivership is in that case treated as analogous to ancillary administration. See Johnson v. Powers, 139 U. S. 156, 15 Sup. Ct. 525. If original and ancillary receivers are to be treated as different legal persons in respect of the judgments obtained against them for the debts of the corporation, and in respect of the application of the property in their hands to the payment of these debts, it would seem that they must be treated as different legal persons in respect of the management of the property in their hands, and in respect of the torts for which they are liable in connection with this management. It follows, therefore, that the tort for which the petitioner seeks to recover in this case was committed, not by the ancillary receivers appointed in Massachusetts, but by the original receivers appointed in Kansas, over whom this court has no jurisdiction, and that, inasmuch as the Massachusetts receivers committed no tort against the petitioner, this petition should be dismissed. I am aware that opinions have been rendered by some circuit courts in which may be found expressions not in

apparent harmony with the decision in Reynolds v. Stockton. See Ames v. Railway Co., 60 Fed. 966; New York Security Co. v. Equitable Mortg. Co., 71 Fed. 556. If there be anything in the latter decisions inconsistent with the above-mentioned decisions of the supreme court, I am compelled to disregard it. The petitioner relies also upon section 3 of chapter 866 of the Acts of 1888, but that section applies to suits brought without the previous leave of the court. If the petitioner is advised that she can obtain service upon the Kansas receivers sufficient to bring suit against them in this district, she has but to institute the suit by serving them accordingly. Petition dismissed.