GRAHAM v. LYBRAND et al.

(Circuit Court of Appeals, Seventh Circuit. October 10, 1905.)

No. 1,150.

1. EXECUTORS AND ADMINISTRATORS—SUIT IN FOREIGN JURISDICTION—RIGHT TO MAINTAIN.

A suit by an administrator, appointed in the state where the decedent was domiciled, to recover assets alleged to have been surreptitiously removed by defendants to another state prior to the decedent's death, is one in which the plaintiff sues solely in his official capacity, and his right to maintain it is dependent entirely on the laws of the state in which it is brought.

2. SAME—SUIT FOR RECOVERY OF ASSETS—PROPERTY IN HANDS OF RESIDENT EXECUTORS.

A domiciliary administrator, appointed in another state, cannot maintain a suit in a federal court in Wisconsin against executors of the decedent, to compel them to turn over to him assets of the estate which is being administered in the Wisconsin state court, in the absence of any enabling statute applicable to such case.

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

To appellant's bill a demurrer on several grounds, some of which are considered in the opinion, was sustained; and, upon appellant's refusal to amend, a final decree dismissing the bill was entered.

The bill, which was filed July 7, 1904, averred that Jacob W. Lybrand, on April 25, 1901, died at Knox county, Ohio, where he had been a resident for many years; that he had $85,000 of personalty, which was in his possession during his last sickness and up to the time he became unconscious; that at about the time of his death, and without his consent or knowledge, his grandchildren, Rollin C. Lybrand and Nellie D. Miner, caused said personal property to be sent to Richland county, Wis.; that on July 3, 1901, the will of Jacob W. Lybrand, in which his said grandchidren were the residuary legatees, was admitted to probate in the county court of Richland county, Wis., and letters were issued to said grandchildren as executors, and they have ever since been acting in that capacity; that $100,000 of personalty which had been owned by the testator came into the hands of the executors; that on February 26, 1902, the probate court of Knox county, Ohio, duly issued letters of administration to J. B. Graham, whose name was suggested to the court by the attorney of the executors; that no fund or property of the deceased has ever come to the hands of said administrator; that some time after February, 1902, the treasurer of Knox county, Ohio, began an action against said administrator in the common pleas court of Knox county, to recover taxes which the decedent had neglected to pay on property held by him in Knox county and taxable there; that on December 1, 1903, a judgment for $7,000, being less than the amount claimed by the treasurer, was entered in pursuance of an agreement made by an attorney for the executors that the reduced amount would be paid by the executors out of funds of the estate in their hands; that said judgment and some other claims have been entered and allowed against the estate by the probate court of Knox county; that, to prevent such judgment and other claims from being filed in the county court of Richland county, the executors procured that court to enter an order requiring the filing of claims by October 18, 1903. The prayer was that the executors be ordered to turn over to the administrator a sufficient part of the estate to pay the claims and expenses in the Ohio administration.

Section 2443, Rev. St. Wis. 1898, provides: "The jurisdiction of the county court shall extend to the probate of wills and granting letters testamentary and of administration of the estates of all persons deceased who were at the time of their death inhabitants of or residents in the same county and of all who shall die without the state having any estate within such county to be administered, and in any other cases authorized by law."

Section 3267, Rev. St. Wis. 1898, provides: "When an executor or administrator shall have been duly appointed in any other state, territory or country, on the estate of any person not a resident of this state at the time of his death, and no executor or administrator shall have been appointed in this state, such foreign executor or administrator, upon filing his original appointment or a copy thereof duly authenticated, as required to make the same receivable in evidence, in any county court in this state, may thereafter exercise any power over such estate, including sales and assignments of the same or any part thereof, and prosecute and defend any action and proceeding relating thereto and have all the rights, remedies and defenses in regard to the property, real and personal, and interest, legal and equitable, and to collect any demands of such estate, which an executor or administrator duly appointed by any county court of this state can have or exercise in relation thereto."

R. M. Bashford, for appellant.
H. L. Butler, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, after stating the facts, delivered the opinion of the court.

The bill should first be stripped of certain allegations that are utterly irrelevant to the cause of action against the defendant executors. Whether in April, 1901, the grandchildren, who became executors in July, took from their grandfather after he became unconscious the personalty he had in Ohio and sent it to Wisconsin, is as immaterial as if some one else had done the act. And the promise of the executors' attorney that the executors would pay the judgment in favor of the Ohio treasurer is unavailing. The attorney, without express authority to that end being shown, could not bind his clients by his promise that they would pay. And the executors were merely the hands of the Wisconsin court in administering the estate in their possession. Their possession was the court's possession. They would have no right on their own motion to go to Ohio and make promises to pay. And their action in that line could not create by estoppel in the plaintiff administrator a right to any part of the fund in the Wisconsin court, which would not otherwise exist.

The bill cannot be construed as a suit by Graham. The rule that an administrator may sue in his own name upon a cause of action which accrued to him in his representative character (Newberry v. Robinson [C. C.] 36 Fed. 841; 13 Am. & Eng. Ency. of Law, 951) has no application here. So far from showing that Graham as administrator ever came into possession of, or became accountable to creditors for, the assets that Lybrand had held in Ohio, the bill must be taken, as against the pleader, to allege that those assets were surreptitiously taken and sent to Wisconsin in Lybrand's lifetime. The cause of action, therefore, accrued to Lybrand, and so Graham's right, if any, is to proceed as administrator solely.

Under the pertinent and material averments of the bill, the question then comes to this: Could the domiciliary administrator maintain in the federal court in Wisconsin a suit to compel the ancillary executors to turn over to him assets of the estate which was being administered in the Wisconsin state court? In saying no, it is enough to notice two of the grounds of demurrer.

If there were no enabling statute in Wisconsin, a foreign administrator could not sue either in the federal or state courts, because the force of the laws of the foreign state and the powers of its courts and their officers are not extraterritorial. Noonan v. Bradley, 9 Wall. 394, 19 L. Ed. 757; Johnson v. Powers, 139 U. S. 156, 11 Sup. Ct. 525, 35 L. Ed. 112. The Wisconsin statute would permit the plaintiff, if no administration was being had in Wisconsin, to file a duly authenticated copy of his appointment and to sue for the possession of property which had belonged to his decedent at the time of his death. But if administration is going on in Wisconsin, the statute leaves the foreign administrator disqualified to come into the state and take independent action to gather in the assets.

The fund is in the charge of the Wisconsin state court. The federal court in Wisconsin would have the right to adjudicate against these defendants the amount of a claim against the estate; but it rightly declined

to order the officers of the Wisconsin state court to turn over a fund under the control of that court to the officer of the Ohio state court for administration there. Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. If the Ohio court desired a portion of the assets in Wisconsin, possibly a more fortunate outcome would have resulted from sending its ambassador with a proper petition to the court where the fund was; but, even so, the event would depend upon comity rather than right.

The decree is affirmed.