### WATKINS v. EATON.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

#### No. 33.

1. COURTS (§ 505*)—JURISDICTION OF FEDERAL COURTS—MATTERS OF PROBATE.
   Funds in possession of an executor or administrator are in the possession of the probate court which appointed him, and a federal court has no power to require him to deliver such funds to an administrator appointed in another state.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1410; Dec. Dig. § 505.*]

2. EXECUTORS AND ADMINISTRATORS (§ 524*)—CAPACITY TO SUE—ACTION IN ANOTHER STATE.
   In the absence of a statute authorizing it, an administrator cannot maintain a suit in his official capacity in a state other than that of his appointment.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2330; Dec. Dig. § 524.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Northern District of New York.

Suit in equity by Willis L. Watkins, administrator with the will annexed of Elizabeth S. Eaton, deceased, against Hervey E. Eaton, as executor of the last will and testament and of the codicil and memorandum thereto attached of Elizabeth S. Eaton, deceased. Decree (173 Fed. 133) for defendant, and complainant appeals. Affirmed.

Martin & Jones (A. F. & F. M. Freeman, B. M. Thompson, Ralph Phelps, Jr., and Orla B. Taylor, of counsel), for appellant.

E. H. Risley and C. J. Coleman, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Elizabeth S. Eaton, for many years domiciled in Michigan, died at Ann Arbor in that state, May 17, 1906. Her estate consisted of personal property, stocks, bonds, and similar securities aggregating about $50,000 which for several years prior to her death had been in the possession of her brother-in-law, Hervey Eaton, a resident of Eaton, Madison county, N. Y., who acted as her agent to hold and invest and to collect and remit her income. During a temporary visit to New York, Mrs. Eaton executed a will at Eaton on October 31, 1901, which was left during her life in possession of Hervey Eaton, who was nominated therein as sole executor.

The will provides for certain small legacies each of $500, or less, to be paid forthwith, and for the payment of certain larger legacies and for a distribution of the residuary "after the deaths of my sister Susan C. Storms and my brother George Albert Storms." It contained the following clauses:

"Sixth. I give and bequeath to my sister Susan C. Storms, during the term of her natural life, from the income of my estate, $100 per month provided and on condition that she cares for and makes a home for my mute brother George Albert Storms during his lifetime.

"Seventh. Should my sister Susan C. Storms die before my brother George Albert Storms, then in that case I hereby direct and empower my said executor to pay my sister Leah Catherine Kersey, from the income of my estate the sum of fifty dollars per month for caring for and making a home for my said brother George Albert Storms during his lifetime, and in case said George Albert Storms should survive both Susan C. Storms and Leah Catherine Kersey, then my said executor is hereby authorized and directed to make other suitable and sufficient arrangements for such care and home and to pay for the same."

On March 31, 1906, at Ann Arbor, Mich., Mrs. Eaton executed a codicil and memorandum, signing herself "Elizabeth Storms," her maiden name. The codicil contains the following provisions:

"Whereas, my brother George Albert Storms is unable to care for himself through physical defects and infirmities, it is with my wish that my sister Genevieve S. Jacobs and her husband, Nathaniel P. Jacobs, do so care for him and make his home with them during the term of his natural life and that they shall receive the sum of seventy-five dollars ($75) per month compensation during that time. In the event of his death before that of Genevieve S. Jacobs or Susan S. Higgins, I direct that they shall share alike with the other heirs, in the general and final distribution of my estate.

"Also that any and all property not mentioned in my will is to go to Genevieve S. Jacobs subject to the memorandum annexed to this document."

183 F.—25

The memorandum contains this statement:

"George is to make his home with Genevieve and Natty."

The Susan S. Higgins named in the codicil is the Susan C. Storms named in the will; the lady having married in the interim. The codicil and memorandum were attached to the will and with it remained in the custody of Hervey Eaton.

At the time of her death, the testatrix was not indebted to any person in the state of New York, no individual or corporation in the state of New York had made any claim against the deceased or claimed any lien upon any of her estate, no resident or citizen of the state of New York had any interest as heir at law, devisee, or legatee in the estate of the deceased except said Hervey Eaton as legatee of "three family portraits," and a church in Syracuse as legatee of money for a memorial window, which two items have been paid and satisfied. The bill avers that the inheritance tax has been paid to the state of New York. Mrs. Eaton died seised of no real estate, and possessed of some furniture, wearing apparel, ornaments, and household effects in Ann Arbor worth about $500. Her estate was indebted to sundry persons, residents of the state of Michigan, to the amount of about $300.

The bill further avers that Eaton petitioned the Surrogate Court of Madison County, N. Y., to probate the will, codicil, and memorandum, filing the same with the court. The same were admitted to probate on November 12, 1906. Eaton was appointed executor, letters testamentary were issued to him, and he thereupon qualified as such executor, and is still claiming to act as such. The Surrogate's Court appointed appraisers, inventory was made of the property of the estate of deceased in the possession of Eaton, which, as we have seen, was practically her entire estate, inventory was filed, and the executor is now holding said property under the authority conferred upon him by the court which appointed him and subject to its direction.

On December 1, 1908, upon whose petition it does not appear, the will of Mrs. Eaton was duly probated in the probate court for the county of Washtenaw, state of Michigan; but the said court rejected the codicil and memorandum, adjudging that they "were not a part of the last will and testament of said deceased and thereupon refused to admit the same to probate." The probate court appointed Willis L. Watkins, the complainant herein, administrator with the will annexed of the estate of Mrs. Eaton. Letters testamentary were duly issued by said probate court to complainant, who "duly qualified as such administrator and is now in the active performance of his duty as such."

The bill further avers that the New York executor, Eaton, is paying the monthly sum of $75, as provided in the codicil, to Genevieve S. Jacobs for the care and maintenance of George A. Storms, and has refused and refuses to pay to Susan Higgins (formerly Susan Storms) "$100 per month bequeathed to her by said will; he pretending that said gift and legacy of $100 per month during her natural life was revoked by said pretended codicil and memorandum." It is further alleged that Hervey Eaton, executor, has brought suit

in the Supreme Court of New York to obtain a construction of certain provisions of the will, codicil and memorandum.

Ann Arbor, the domicile of the deceased, is located within the jurisdiction of Washtenaw county probate court. Counsel for both sides stated on the argument that said court refused probate to the codicil and memorandum because it found that at the time they were executed Mrs. Eaton did not have testamentary capacity and was under undue influence.

Upon all these facts the relief prayed is:

"That the defendants will be ordered to turn over to your orator as administrator with the will annexed of said testatrix, all the property, assets, funds and estate belonging to said Elizabeth S. Eaton at the time of her death and which has at any time come into his possession and control."

It is also asked that Eaton, executor, be stayed from prosecuting his action to obtain a construction.

We entirely concur with the conclusion of Judge Ray that the personal estate of the deceased situated in this state is now in the possession of the Surrogate's Court of Madison County, and that the possession of such property by such court cannot be disturbed by any process issued out of the federal court, and that a decree cannot be pronounced and enforced by the federal court that the executor deliver the property in his hands as an officer of the Surrogate's Court to the administrator with the will annexed appointed by the Michigan court. That is precisely what the complainant asked the Circuit Court to do, the prayer to enjoin the executor from maintaining a suit to have the will construed asked merely for ancillary relief. It is surely unnecessary to cite authorities to show that the federal court has no jurisdiction to administer this extraordinary relief. It is sufficient to point out that in Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, the Supreme Court stated, as "a proposition fully settled by the decisions of (that) court" that:

"An administrator appointed by the state court is an officer of that court; his possession of the decedent's property is a possession taken in obedience to the orders of that court; it is in the possession of the court, and it is a possession which cannot be disturbed by any court."

In Graham v. Lybrand (Seventh Circuit) 142 Fed. 109, 73 C. C. A. 333, a domiciliary administrator appointed in Ohio brought suit to compel an executor of the same estate appointed in Wisconsin to turn over sufficient of the assets to enable him to pay the debts in Ohio. The court held:

"The fund is in charge of the Wisconsin state court. The federal court in Wisconsin would have the right to adjudicate against these defendants the amount of a claim against the estate; but it rightly declined to order the officers of the Wisconsin state court to turn over a fund under the control of that court to the officer of the Ohio state court for an administration there."

Appellant's brief contains no authority sustaining his right to the relief prayed for here. In the case mainly relied upon (Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80), the proposition is reiterated that "the prior possession of the state probate court cannot be interfered with by the decree of the

federal court." All that the court holds is that, there being the requisite diversity of citizenship, a creditor may establish a debt against the estate in the federal courts, or a distributee or heir may establish his right to a share in the estate and enforce such adjudication against the executor personally or his sureties, or against any other parties subject to liability or in any other way which does not disturb the possession of the property by the state court—all of which was well-settled law long before Waterman v. Canal-Louisiana Bank was decided. But the complainant Watkins is not a creditor, nor an heir or distributee, nor has he any personal interest whatsoever in the estate. All that he asks for or can possibly ask for is that the assets be turned over to him in his representative capacity to be by himself administered. Moreover, since the 'suit is brought solely in his representative capacity, it must fail for another reason.

"In the absence of any statute giving effect to the foreign appointment, all the authorities deny any efficacy to the appointment (of an administrator of the estate of a deceased person) outside of the territorial jurisdiction of the state within which it was granted. All hold that in the absence of such a statute no suit can be maintained by an administrator in his official capacity, except within the limits of the state from which he derives his authority. If he desires to prosecute a suit in another state, he must first obtain a grant of administration therein in accordance with its laws." Noonan v. Bradley, 9 Wall. 394, 19 L. Ed. 757; Graham v. Lybrand, supra.

There is no statute in this state, to which we have been referred, which enables a foreign administrator to bring suit here in his representative capacity, without first taking out ancillary letters in this state. This, so far as the bill discloses, Watkins has not done.

It may be that this objection may be taken by plea; but it is not necessary to discuss that suggestion, since we are clearly of the opinion that the bill does not state facts sufficient to warrant the relief prayed.

The decree of the Circuit Court is affirmed, with costs.