## WATKINS v. MADISON COUNTY TRUST & DEPOSIT CO.

Circuit Court of Appeals, Second Circuit. Feb. 6, 1928.

No. 125.

1. **Courts ⬤⟹375—State limitation law controls in federal court (Civil Practice Act N. Y. § 48).**

Limitation of six years, under Civil Practice Act N. Y. § 48, in case of action for conversion, controls in federal court, as well as in an action in a New York court.

2. **Limitation of actions ⬤⟹55(5)—Limitation of six years for conversion action began running immediately when wrongful possession was acquired (Civil Practice Act N. Y. § 48).**

Civil Practice Act N. Y. § 48, limiting period for bringing conversion action to six years, began to run at once from time of wrongful possession, and no subsequent demand and refusal could start it afresh.

3. **Limitation of actions ⬤⟹32(1)—Action for conversion was barred six years after wrongful possession was first acquired (Civil Practice Act N. Y. § 48).**

Under Civil Practice Act N. Y. § 48, action for conversion of assets of estate *held* barred after six years from time wrongful possession was first acquired.

4. **Courts ⬤⟹505—Court of general jurisdiction may entertain action of trover against executor individually for conversion.**

Court of general jurisdiction has authority to entertain an action of trover against an executor individually for conversion by himself.

5. **Exceptions, bill of ⬤⟹6—Bill of exceptions, made up of colloquy between counsel and court, containing some 80 pages of argument, held unwarranted.**

Bill of exceptions, made up of colloquy between counsel and court, containing some 80 pages of argument, printed in extenso and referred to as supplementary to briefs *held* unwarranted as impeding any proper consideration of cause, and should not be permitted by judge settling bill.

In Error to the District Court of the United States for the Northern District of New York.

Trover action by Willis L. Watkins, as administrator with the will annexed of the last will and testament of Elizabeth S. Eaton, deceased, against the Madison County Trust & Deposit Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The action was brought against the defendant individually on October 9, 1926, by Watkins, as administrator with the will annexed of Elizabeth S. Eaton, deceased, by appointment of the probate court of Washtenaw county, Michigan. The complaint alleged that Elizabeth S. Eaton, a resident of that county, died there on May 17, 1906, leaving a will which the Michigan probate court admitted to probate on November 30, 1908, and on which it granted letters of administration to the plaintiff; that the testatrix died possessed of personal property—i. e., stocks and bonds—to which the plaintiff took title by his appointment; that one Hervey E. Eaton, in Madison county, New York, had there secured "physical possession" of this property, and, being named as executor in the will, had procured its probate, together with that of a codicil annexed to it, by the Surrogate's Court of that county; that under letters testamentary, issued by the surrogate, Eaton had administered the property until his death, when the same court had granted letters of administration to the defendant with the will annexed; that the defendant, acting under its letters of administration, had managed the assets until March, 1925, when it filed an account with the surrogate, who approved it and decreed a distribution of the residue; that owing to the original situs of the property in Michigan, the New York court had had no jurisdiction from the outset; that all its decrees were void; that the defendant never had had any warrant of law for its possession; that the plaintiff alone had title by his appointment in Michigan; and that the defendant's refusal of his demand to deliver the assets was a conversion, which rendered it individually liable.

The answer pleaded, among other matters, that the plaintiff, as a foreign administrator, had no capacity to sue; that the surrogate of Madison county had jurisdiction over the property; and that the action was barred by the statute of limitations of New York. The case was tried to the District Judge without a jury, upon two written stipulations as to the relevant facts, mostly in the form of documents, which were formally offered in evidence, some by each side, and when the case was closed the judge directed a verdict for the defendant.

The facts as proved were that Elizabeth S. Eaton was a resident of Ann Arbor, Mich., and died there on May 17, 1906, leaving a brother-in-law, one Hervey E. Eaton, who lived in Madison county, New York, to whom she intrusted certain securities, and whom she made her executor. Hervey E. Eaton procured probate of her will and a codicil in Madison county on November 12, 1906, and was granted letters testamentary. The assets of which he took possession consisted of three deposits in Syracuse banks, certain negotiable bonds, and shares of stock in the United States Express Company, Wells Fargo & Co., the American Express Company,

and the Western Union Telegraph Company. He administered these, receiving the income and distributing it in accordance with the will and codicil, and accounted to the surrogate on December 30, 1912, by which time he had sold all the stocks. In this account he acknowledged possession of $46,274.12 of bonds, apparently negotiable, and $2,951.17 on deposit in a Syracuse bank, apparently in his own name.

Hervey Eaton having died in August, 1916, his wife, his executrix, filed an account of his subsequent doings as executor on October 4th of that year, which was approved and settled by the surrogate, and the defendant and another were appointed administrators with the will annexed on May 3, 1917; but, the coadministrator having died on May 25, 1921, the defendant has since then acted alone. The property received by the defendant on May 31, 1917, under its letters of administration, consisted of negotiable bonds and a deposit of $3,285.31 in a Syracuse bank. The defendant continued to collect and distribute the income in conformity with the will and codicil, in February, 1925, by sale reduced all the estate to cash, and in March of that year finally accounted to the surrogate of Madison county, preparatory to distribution. On September 28, 1925, its account was passed, and it was ordered to distribute the balance in its hands.

Meanwhile on July 23, 1906, one Susan Higgins had petitioned for probate of the will of Elizabeth Eaton in Michigan, and on November 30, 1908, the will was probated without the codicil, and the plaintiff, who had succeeded Higgins, was granted letters of administration with the will annexed. In July, 1926, the plaintiff demanded delivery of the assets of the defendant, and the defendant refused, whereupon this action in conversion was begun.

Amariah F. Freeman, of Detroit, Mich., John A. Johnson, of Morrisville, N. Y., and Charles A. Hitchcock, of New York City, for plaintiff in error.

Charles R. Coville and Coville & Santry, all of Oneida, N. Y., for defendant in error.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). [1-3] When the defendant took over from Hervey E. Eaton's executrix the bonds and bank account which made up the only assets it got, it did so as administrator, and necessarily under claim of title. Immediately thereafter it began to collect the income and to dispose of it, and of part of the principal, in accordance with the will and codicil, and this it continued to do for over nine years before the writ issued. This being an action for conversion, the period of limitation is six years under section 48 of the New York Civil Practice Act, which controls as well here as in an action in a New York court. The statute began to run at once, because the possession was wrongful from the outset, and no subsequent demand and refusal could start it afresh. Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; Wood v. Young, 141 N. Y. 211, 36 N. E. 193; Keys v. Leopold, 241 N. Y. 189, 149 N. E. 828. Thus the action is barred.

[4] The plaintiff answers that until September, 28, 1925, when the defendant's final account was approved, and it was ordered to distribute the remaining assets, he could not have brought this action without invading the possession of the Surrogate's Court of Madison County. Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 45, 30 S. Ct. 10, 54 L. Ed. 80. We decided in Watkins v. Eaton, 183 F. 384, that the plaintiff could not sue to compel Eaton to deliver the assets to him as the true owner, and the plaintiff attempts to use that decision as authority for the notion that the present suit would not lie until the defendant, Eaton's successor, had ceased to hold as an officer of the surrogate. But the action, being for conversion in seizing the plaintiff's property without warrant of law, depends upon the defendant's wrongful act. As such it lay as well when the defendant took over the assets as it ever could, for it is not possessory, and judgment would not result in any disturbance of the assets. True, satisfaction would pass whatever title the plaintiff had; but that is irrelevant. The wrong, like any other tort, created a liability, and the liability could be put into a judgment; but the judgment would only be a debt, chargeable against the defendant's individual assets at any rate. Nobody has ever questioned the power of a court of general jurisdiction to entertain an action of trover against an executor individually for a conversion by himself. Goulding v. Horbury, 85 Me. 227, 27 A. 127, 35 Am. St. Rep. 357; Rough v. Womer, 76 Mich. 375, 43 N. W. 573; Yeldell v. Shinholster, 15 Ga. 189; Fredenburg v. Horn, 108 Or. 672, 218 P. 939, 30 A. L. R. 1153. All that has ever been doubted is as to whether action also lies against him in his representative capacity. De Valengin v. Duffy, 14 Pet. 282, 290, 291,

10 L. Ed. 457; Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950.

Watkins v. Eaton (C. C. A.) 183 F. 384, is therefore not controlling here. Indeed, it does not appear that, had we thought in that case that the surrogate had had no jurisdiction, we should still have held that the rule in Byers v. McAuley and similar cases applied. It is entirely consistent with our decision that we thought the surrogate had in fact jurisdiction over the assets, and refused to interfere because of that fact. How far we should have felt at liberty to examine the basis of his jurisdiction, and disturb his custody, if he had none, we did not then, and do not now, decide. The defendant is now sued as a bare tort-feasor, and as such he was open to suit as soon as his wrongful possession arose.

On the merits we do not find it necessary to pass, because the statute is conclusive. So far as the plaintiff's capacity to sue is concerned, a question is indeed presented whether, had the conversion been proved and the plaintiff's title, he might sue individually even in New York. Moore v. Petty (C. C. A.) 135 F. 668, 673 (C. C. A. 8). However that may be, it is certainly hard to see how the surrogate was without jurisdiction over the bonds and deposit in the form in which they were when he issued letters to the defendant. It is immaterial how they were acquired. In re Hughes, 95 N. Y. 55. But on that we express no opinion.

[5] We cannot close, however, without noticing the contents of the so-called bill of exceptions. Most of it is made up of colloquy between counsel and the court; it contains some 80 pages of argument, printed in extenso, to which we are referred as supplementary to the briefs. Such practice is altogether unwarranted, impedes any proper consideration of the cause, and should not have been permitted by the judge who settled the bill.

Judgment affirmed.