## HIGGINS v. EATON.

### (Circuit Court, N. D. New York. April 19, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 2*)—WHAT LAW GOVERNS.

Where testatrix's will and codicil were admitted to probate in New York where a large part of testatrix's assets were located, and the will alone was admitted to probate in Michigan, where testatrix was domiciled, a disposition of the New York assets would be accomplished in accordance with the New York law, under the rule that all probate proceedings are in rem.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2; Dec. Dig. § 2.*]

2. WILLS (§§ 70, 434*)—REQUISITES—WHAT LAW GOVERNS—FOREIGN PROBATE —CONCLUSIVENESS.

Where testatrix domiciled in Michigan, left a will and codicil, which were offered for probate in New York where the bulk of her property was located, the New York courts, in determining whether to admit both the will and codicil or either to probate, would be governed by the law of New York, guided by their understanding of the formalities necessary to give such papers testamentary validity in Michigan, but a mistake in that inquiry was a mistake of fact which could not be corrected except by the court making it, or one to which an appeal lies.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 184–186, 937–945; Dec. Dig. §§ 70, 434.*]

3. WILLS (§ 70*)—VALIDITY—WHAT LAW GOVERNS.

Since the Circuit Court of the United States has no probate jurisdiction, such court, in a suit by a legatee to enforce alleged obligations in a will, must interpret the executors' obligations on the assumption of the validity of those papers which have secured judicial recognition of the New York courts of probate jurisdiction, and cannot consider conflicting probate proceedings in another state.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 184–186; Dec. Dig. § 70.*]

4. WILLS (§ 432*)—OBLIGATIONS OF EXECUTOR—ADJUDICATION AS TO VALIDITY OF WILL—CONCLUSIVENESS.

In a suit against an executor, complainant can have recourse only to those obligations that arise from the decision of the court which appointed him executor, and imposed on him the duty of executing the testamentary papers which it held valid.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 923; Dec. Dig. § 432.*]

5. WILLS (§ 664*)—CONDITIONS IMPOSED ON REQUEST—IMPOSSIBILITY OF PERFORMANCE.

Testatrix bequeathed to complainant, during the term of her natural life, $100 a month on condition that she cared for and made a home for testa-

trix's mute brother during his life. By a codicil, however, she stated that she wished her sister G. and her husband to care for and make a home for the brother, and that they should receive therefor $75 a month, and in the event of his death, before that of G. or complainant, they should share alike with the other heirs in the general and final distribution of testatrix's estate. Both will and codicil were admitted to probate in New York, but only the will was admitted in Michigan, where testatrix died. *Held*, that complainant never having in fact cared for testatrix's brother, she was not entitled to recover therefor under the provisions of the will, though she was willing to have performed the condition required.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1560; Dec. Dig. § 664.*]

In Equity. Bill by Susan C. Higgins against Hervey E. Eaton, as executor of Elizabeth S. Eaton, deceased. Bill dismissed.

On demurrer to a bill in equity. The facts stated in the bill are detailed below.

Elizabeth S. Eaton died domiciled in Ann Arbor, Washtenaw county, Mich., in May, 1906, leaving a last will and testament and a codicil thereto. Her estate consisted of about $50,000 worth of personal property, almost all of which was situated in Madison county, N. Y. Soon after the death of the testatrix, and on or about the 28th of May, 1906, the present defendant who had the will in his possession, and who was named therein as executor, applied to the Surrogate's Court of Madison county to have the same proved and admitted to probate. A citation thereupon issued on all interested parties, and after the regular hearing the court decreed that the will and codicil together constituted the valid last will and testament of Elizabeth S. Eaton, and the same was admitted to probate on November 12, 1906. In July 1906, Susan C. Higgins, the present complainant and others, applied to the probate court of Washtenaw county, Mich., for the probate of the will without the codicil. On December 1, 1908, proceedings pursuant thereto were had in the Washtenaw county probate court, and the will was admitted to probate and an administrator appointed, but the codicil was rejected because of the testatrix's mental incapacity. The will contained the following provision:

"Sixth. I give and bequeath to my sister Susan C. Storms, during the term of her natural life, from the income of my estate, one hundred dollars per month, provided and on condition that she cares for and makes a home for my mute brother George Albert Storms during his lifetime."

The Susan C. Storms referred to in the above paragraph of the will is the same Susan C. Higgins, complainant herein. The codicil provided as follows:

"Whereas, my brother George A. Storms is unable to care for himself through physical defects and infirmities, it is my wish that my sister Genevieve S. Jacobs and her husband Nathaniel P. Jacobs do so care for him and make his home with them during the term of his natural life and that they shall receive the sum of seventy-five dollars ($75) per month compensation during that time. In the event of his death before that of Genevieve S. Jacobs or Susan S. Higgins I direct that they shall share alike with the other heirs, in the general and final distribution of my estate."

Since the defendant's administration began he has been paying $75 per month to the Jacobses in accordance with the codicil. The probate of the will in Madison county has never been appealed from, neither has an application ever been made under the Michigan probate to the Surrogate's Court for Madison county for ancillary letters testamentary, or ancillary letters of administration with the will annexed. The bill asks that the defendant pay the legacy of $100 to the complainant. Upon the argument it was not insisted that any decree could go further than to adjudicate the rights of the parties; and it is upon the theory that there is no jurisdiction to direct payment by the executor that the following opinion is written. A plea was also entered to the bill, but in view of the decision upon the demurrer no decision is made in regard to it.

Martin & Jones (A. F. & F. M. Freeman, Bradley M. Thompson, Ralph Phelps, Jr., and Orla B. Taylor, of counsel), for complainant.

Carlos J. Coleman, for defendant.

HAND, District Judge (after stating the facts as above). The bill rests upon a misconception of the effect of the Michigan probate and of the rule that the law of the domicile controls the disposition of decedent's personalty. As to the assets actually in New York no law applies but the law of New York, for all probate is in rem, nor can the law of Michigan have anything whatever to do with them. It is no doubt a part of the law of New York, as it is that of many other civilized states, that it will observe those rules in relation to the disposition of personalty which exist in Michigan, so far as the New York courts can understand them, but that observance of those rules is, as I have said, simply a part of the law of New York, quite within the power of the state to change or revoke in its pleasure. The determination by the courts of New York of what testamentary papers they will admit to probate is, therefore, under the law of New York, guided by their understanding of the formalities necessary to give such papers testamentary validity in Michigan, but a mistake in that inquiry is a mistake of fact made by the New York courts which nobody may correct except the court that made it, or one to which an appeal lies. Here there is not even a mistake in the construction of Michigan law; the New York court has simply come to a different conclusion as to the testatrix's testamentary capacity, and has admitted two papers instead of one which the Michigan court admitted alone. Now the legatee comes and seeks an interpretation in New York of the obligation of the New York executor. This she can do in this court, but those obligations must be found in the papers which the New York court has admitted to probate. Probate is precisely for the purpose of ascertaining what are the papers from which such executorial obligations are to be gathered. No doubt if this court had any powers of probate it might entertain the question of what those papers in fact really were, and then a question might in turn arise as to the conclusiveness of the New York probate, but it is well settled that this court has no powers of probate, and it must therefore interpret the obligations of the executor upon the assumption of the validity of those papers which have secured the judicial recognition of the New York court.

Thus the probate in Michigan has nothing whatever to do with the controversy. The recognition by the New York courts of Michigan law would include no doubt the existence of a valid obligation created by a Michigan judgment and imposed upon the defendant, but no one contends that the Michigan court has in any way recognized his existence as executor at all, or attempted to impose upon him any duties or obligations whatever. Both sides admit that probate affects only the res within the territory, and when the complainant sues the defendant as executor she can have no recourse to any obligations except those arising from the decision of the court which appointed him executor and imposed upon him the duty of executing the testamentary papers which it held valid.

Therefore the case must be decided upon the assumption that the codicil is valid. Construed together, it is clear that at most the complainant can claim no more than that the result was to give the testatrix's brother the choice of living with either the complainant or the Jacobses. If he chose one the other could get nothing, for the legacies are clearly enough conditional upon his living with the legatee. He certainly has not chosen to live with the complainant and the condition of her legacy she has not fulfilled. Her willingness to do so is irrelevant.

I do not mean to be understood as deciding that even if the codicil were out of the way the bill could stand, the complainant not having performed the condition. Whether there is a fair inference that it is because of the payment to the Jacobses that the complainant is not able to perform the condition, it is unnecessary to decide.

Bill dismissed, with costs.