HIGGINS v. EATON.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

No. 106.

1. COURTS (§ 311*)—JURISDICTION OF FEDERAL COURTS—MATTERS OF PROBATE.

A federal court has jurisdiction of a suit by a legatee, who is a citizen of another state, against an executor to establish and enforce rights under the will.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 858; Dec. Dig. § 311.*

Probate jurisdiction, see note to Bedford Quarries Co. v. Thomlinson, 36 C. C. A. 276.]

2. WILLS (§ 2*)—TESTAMENTARY CAPACITY—WHAT LAW GOVERNS—FEDERAL COURTS.

Under the settled rule that the status of capacity of a testator to dispose of his personal property is to be determined by the law of his domicile, where the probate court having jurisdiction at the place of domicile

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a testatrix in Michigan admitted her will to probate but rejected a codicil on the ground of want of testamentary capacity when it was executed, such decision, unappealed from, governs in a suit in a federal court in New York, brought by a legatee against an executor appointed in that state, where most of the property was situated, to establish rights under the will, notwithstanding a contrary decision by the probate court in New York, which admitted the codicil to probate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2; Dec. Dig. § 2.*]

Appeal from the Circuit Court of the United States for the Northern District of New York.

Suit in equity by Susan C. Higgins against Hervey E. Eaton, as executor of the will of Elizabeth S. Eaton, deceased. Decree (178 Fed. 153) for defendant, and complainant appeals. Reversed.

Martin & Jones (A. F. & F. M. Freeman, B. M. Thompson, Ralph Phelps, and Orla B. Taylor, of counsel), for appellant.

E. H. Risley and C. J. Coleman, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. This controversy arises out of the transactions set forth in our opinion in Watkins, Administrator, v. Eaton, Executor (filed herewith) 183 Fed. 384. The complainant is the sister of the deceased, who is named in the sixth clause of the will as Susan C. Storms and in the codicil as Susan S. Higgins. To save repetition the opinion in the Watkins suit may be referred to; this bill sets out all the facts which were set out in the Watkins bill and some others.

The additional facts are that the probate of the will in the probate court of Washtenaw county, Mich., was upon a petition of this complainant filed July 25, 1906, and that said court denied probate to the codicil and memorandum because it found that at the time it was signed by the testatrix she was not of sound and disposing mind. It also avers that complainant is and at all times has been ready and willing to perform the condition imposed upon her by the sixth clause and to care for and make a home for her brother George Albert Storms, but has been prevented from actually doing so by wrongful and unlawful acts of the defendant, in paying $75 a month to Genevieve Jacobs for the support of said brother. She avers there is now due and payable to her $100 a month for each and every month since the death of the testatrix; that she has demanded the same which he refuses to pay; that he is depleting the estate by paying $75 a month to Mrs. Jacobs; and that she fears such depletion may endanger the payment of her legacy. Also, that Watkins, the domiciliary administrator, has not funds in his hands out of which to pay her legacy. She prays payment of the money now due her, a decree requiring defendant to continue the monthly payments to her during her life, and an injunction against his paying out any more money to Mrs. Jacobs.

There is the requisite diversity of citizenship, Mrs. Higgins being a citizen in Michigan. This is a very different suit from that of Watkins. It is a suit by the legatee to establish her claim and have a proper execution of the trust as to her; it is exactly the kind of

action which was approved by the Supreme Court in Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80, following many prior decisions of the same court. It will be necessary only to look into the bill to see if upon its face there is sufficient ground for denying complainant the relief prayed for.

It is contended that complainant could not recover, even if there had been no codicil, because of failure to perform the condition prescribed in the sixth clause of the will. A majority of the court are of the opinion that this question should be reserved until the facts are disclosed by proof. It is next contended that complainant, even assuming that she has a valid legacy, is not authorized to come into a federal court here and assert her claim against the personal estate in the hands of the New York executor. Two cases are cited in support of this proposition, neither of which sustain it. In Doe ex dem. Lewis v. McFarland, 9 Cranch, 151, 3 L. Ed. 687, the court said:

"It has been decided in this court that letters testamentary give to the executor no authority to sue for the personal estate of the testator, out of the jurisdiction of the power by which those letters are granted. But this decision has never been understood to extend to a suit for lands devised to an executor. In such case the executor sues as devisee."

Mrs. Higgins is not suing in any representative capacity as Watkins is, but personally as a legatee. In Kerr v. Moon, 9 Wheat. 565, 6 L. Ed. 161, the court said:

"A person claiming under a will proved in one state cannot intermeddle with, or sue for, the effects of the testator in another state."

But Mrs. Eaton's will has been proved in this state, and plaintiff is exactly within the case of Waterman v. Canal-Louisiana Bank, supra.

To another objection founded on section 1819, Code Civ. Proc. N. Y., it is sufficient to say that it appears from the bill that more than a year has elapsed, and there has been a demand and refusal.

We have then this situation: No one disputes the validity of the will, which has been probated here. Leaving out for the moment any question as to unfulfilled conditions, no one disputes that under the will this complainant was given a specific legacy which she is entitled to receive. Possibly there may be some way of construing will and codicil so that both will stand, but for the purposes of the argument it may be assumed that is not so and that the codicil, if a valid instrument, revoked the provision for the legacy. This court is properly called upon to determine whether or not complainant is entitled to her legacy, or, in other words, whether the provision of the will was revoked by a subsequent valid codicil. That question has already been before two independent courts each having jurisdiction to pass upon it, and has been adversely decided. The New York court has held that the deceased was of sound and disposing mind when she executed the codicil, which is therefore valid. The Michigan court has held that deceased was not of sound and disposing mind at that time, and that therefore there is no valid codicil. Which of these decisions should the Circuit Court accept as controlling of the present controversy? Because having no probate powers it would not undertake itself to inquire into the testamentary capacity of the deceased.

The Circuit Court held that it must follow the decision of the New York court, when the legatee seeks an interpretation in New York of the obligation of the New York executor. We do not concur in this conclusion. If any proposition is abundantly settled by authority, it is that the status of capacity of a testator to dispose of his personal property by will depends upon the law of his domicile. As Story expresses it in his Conflict of Laws (section 465):

"The law of the actual domicile of the party at the time of the making of his will and testament is to govern us as to that capacity or incapacity."

It is unnecessary to multiply authorities, since there is a most exhaustive discussion of them with very many citations in Judge Ray's opinion in the Watkins Case. The authorities found on respondent's brief do not indicate any different rule; they merely hold that the will of nonresident testators, having personal property in this state, may be probated in its courts. That is far short of the proposition that a finding by the New York court that a nonresident deceased had testamentary capacity is to be conclusive, when the domiciliary court has decided the other way and the action is prosecuted by a citizen of the domiciliary state in a federal court.

We are of the opinion that the demurrer should be overruled with leave to answer. Some reference was made on the argument to a plea, but it is not in the record before us.

Decree reversed, with costs of this appeal.