and it is reasonable to assume that this is what the testator had in mind. This is certainly a possible interpretation of the will, and to this extent the condition is not illegal. I find therefore no necessary illegality in the devise or the conditions attached to it. So long as the incompetent is confined in the hospital, and in that sense "not living with her husband," it is competent for the trustees to provide for her, in their discretion, out of the trust fund. What would be their duty in the improbable event that she should recover her sanity it is not necessary now to consider, and the trustees ask no instructions.

[2] In no view of the case is there room for the judgment which plaintiff demands, to wit, that the devise in trust for the benefit of Mary Paider be not only avoided, but that it be converted into an absolute devise to her. That would be to make a will for the testator. The only provision made for Mary Paider is contained in the seventh clause of the will. If that be declared invalid in toto, as plaintiff insists it should be, the share which otherwise would be held for her benefit would go into the residuary estate under the eighth clause of the will, and she would be left wholly unprovided for. It is unnecessary, however, to so destroy the devise. It follows from what has been said that the judgment should be modified by striking out the provision "eliminating" from the will the words "provided however, and only payable in case my said daughter shall be a widow, or shall not be living with her husband," and also further modified by dismissing the complaint with costs, and as so modified is affirmed with costs to the defendants-appellants.

Order to be settled on notice, at which time the necessary modifications of the findings will be passed upon.

Order modified as directed in opinion, and as modified affirmed, with costs to defendants-appellants. All concur.

---

(159 App. Div. 7.)

### In re EATON'S ESTATE.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

1. JUDGMENT (§ 829*)—CONCLUSIVENESS—PERSONS CONCLUDED.
    Where the petitioner brought suit in the federal courts to construe a will and to determine whether administration in the state of the testator's residence took precedence over that in the state where the property was located, and the other parties to the suit were residents of a different state from that of the petitioner, the judgment of the federal courts denying petitioner relief is a conclusive adjudication of her rights, and they cannot be relitigated in the state where the property was located.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1510–1515; Dec. Dig. § 829.*]

2. WILLS (§ 423*)—CONCLUSIVENESS—PERSONS CONCLUDED.
    Where the petitioner contested the probate of a will and codicil, the latter of which deprived her of a legacy given by the will, a judgment of the surrogate admitting both instruments to probate, from which contestant did not appeal, is conclusive and precludes a relitigation of the matter.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 911–913; Dec. Dig. § 423.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Surrogate's Court, Madison County.

In the matter of the estate of Elizabeth S. Eaton, deceased. Petition by Susan C. Higgins for the payment of a legacy. From a judgment denying the petition, she appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John A. Johnson (A. F. Freeman and B. M. Thompson, both of Ann Arbor, Mich., Ralph Phelps and Orla B. Taylor, of Detroit, Mich., of counsel), for appellant.

Everett E. Risley, of Utica (James H. Merwin, of Utica, of counsel), for respondents Jacobs.

Carlos J. Coleman, of Hamilton, for respondent Eaton.

HOWARD, J. The testator by the sixth clause of her will undertook to provide for a mute brother. She bequeathed as follows:

"Sixth. I give and bequeath to my sister Susan C. Storms, during the term of her natural life, from the income of my estate, one hundred dollars per month, provided and on condition that she cares for and makes a home for my mute brother George Albert Storms during his lifetime."

Conditions having changed, the testator undertook, subsequently, by codicil, to make other and different provisions for the brother. The material part of the codicil reads:

"Whereas my brother George A. Storms is unable to care for himself through physical defects and infirmities, it is my wish that my sister Genevieve S. Jacobs and her husband Nathaniel P. Jacobs, do so care for him and make his home with them during the term of his natural life and that they shall receive the sum of seventy-five dollars ($75.00) per month compensation during that time. In the event of his death before that of Genevieve S. Jacobs or Susan S. Higgins I direct that they shall·share alike with the other heirs, in the general and final distribution of my estate."

The testator was a resident of Ann Arbor, Mich. Her property was located in Madison county in the state of New York. After her death the executor named in her will petitioned the Surrogate's Court of Madison County for probate of the will. Susan C. Higgins, formerly Storms, the person mentioned in the sixth clause, was cited to appear and did appear and did contest the probate; but the will, also the codicil, were admitted to probate. Subsequently, on petition of Mrs. Higgins and others, letters of administration with the will, but not the codicil, annexed, were issued in Michigan; the will before the Michigan probate court being an exemplified copy of the original will filed in Madison county.. Afterwards the Michigan administrator, and later Mrs. Higgins, brought suit in the United States Circuit Court to endeavor to establish that the Michigan decree of probate took precedence over the Madison county decree. At last, in Mrs. Higgins' suit, it was decreed by the United States Circuit Court of Appeals, reversing the Circuit.Court, that the Madison county decree took precedence over the Michigan decree so far as concerns property in New York; also, that the codicil did away with the sixth clause of the will. An attempt to go to the United States Supreme Court with this determination, for review, was denied, so that the adjudication is final. In the

United States Circuit Court Mrs. Higgins was successful and procured a decree that she was entitled to her legacy of $100 per month; also, that the Michigan decree of probate took precedence over the Madison county decree. While she was yet successful and before her decree was reversed, she instituted a proceeding in the Madison County Surrogate Court (the United States court having no power to enforce its decree) to get her legacy and otherwise enforce the decree of the United States Circuit Court. That part of her petition wherein she prayed to have the Michigan decree declared superior to the Madison county decree was denied, and that part wherein she asked to have her legacy paid over to her by the executor was granted, but subject to the condition that the United States Circuit Court decree be, in this respect, affirmed and finally established. It was not affirmed, as has been seen, but was reversed. The matter before us is an appeal from the Madison County Surrogate's decree. An appeal from another decree of the same court wherein relief was granted to the Jacobs under the codicil is also before us.

[1, 2] It is conceded by all parties concerned herein that the United States courts had jurisdiction to hear and determine the suit concerning this subject-matter. Having jurisdiction and having made an adjudication, their determination is beyond all doubt res adjudicata. Whatever they determined is the law, binding upon this court, binding upon all the litigants, surely binding upon Mrs. Higgins who chose the forum. To hold otherwise would be to make all the proceedings in the United States courts a nullity. And the situation here is doubly res adjudicata. Mrs. Higgins contested the probate of the will before the Madison County Surrogate's Court and she was beaten; but she did not appeal. This determination therefore became final and binding upon her and upon everybody; and nothing determined there can be reviewed here. It is unnecessary to cite authorities to sustain this proposition; the law is well known.

Believing as we do that the doctrine of res adjudicata is controlling on this controversy, we think it unnecessary to discuss any of the other points presented, for, whatever views we may entertain concerning the "comity of nations," primary and ancillary probate proceedings, the precedence or otherwise of the domiciliary court over the Madison County Surrogate's Court, or the effect of the codicil upon the sixth clause of the will, are of no moment now. If the questions presented have been litigated and decided in courts having jurisdiction, that is the end of it.

It might be well to add that there is absolutely no equity in the Higgins attitude. The surrogate was amazed at her attitude, for in his opinion he exclaims:

"It seems strange to contemplate that there are but two objects in view, sought to be attained as the result of all of the litigation, and I have not referred to more than one-half of it, carried on over this estate, viz., to defeat the right of the Jacobs to get $75 a month for George Albert Storms, who lived with them, and to get all of this property into the state of Michigan."

These persistent lawsuits have been fought principally to get this money of the deceased out of New York into Michigan. No wrong

has ever been impending, no jeopardy to the rights of anybody has ever been threatened, but this contest has been a "tug of war" over the estate between the Michigan forces, who were the aggressors, and the New York forces, with no good to be accomplished to anybody no matter which won.

Both decrees of the surrogate should be affirmed, with costs against the appellant in each instance. All concur.

---

(159 App. Div. 7.)

### In re EATON'S ESTATE.

(Supreme Court, Appellate Division, Third Department.    November 12, 1913.)

