In the Matter of the Estate of ELIZABETH S. EATON, Deceased. RALPH PHELPS, JR., and Others, Appellants; MADISON COUNTY TRUST AND DEPOSIT COMPANY and Another, Respondents.

Third Department, March 7, 1923.

Executors and administrators — claims by attorneys for unsuccessful contest of probate of will — testatrix resided in Michigan but principal estate, consisting of personalty, located here — will and codicil admitted here — codicil revoked provision for contestant — will alone admitted to probate in Michigan — after claims of attorneys were disallowed here decree was entered in Michigan granting allowances — attorneys for unsuccessful contestant cannot have allowance for services — surrogate properly rejected claims based on Michigan judgments.

The domicile of the testatrix was in the State of Michigan, but at the time of her death the principal part of her estate, consisting of securities, was in this State. The will and codicil were offered for probate in this State, but a legatee under the will who was cut off by the codicil contested the same unsuccessfully. The contestant petitioned for the probate of the will in Michigan and the will alone was admitted to probate there. The attorneys for the contestant presented claims for services to the surrogate in this State, but those claims, so far as allowed, were stricken out by the Appellate Division. Thereafter the same claims were presented upon the accounting in the probate court in Michigan and allowances were made. The attorneys then presented the Michigan judgments to the surrogate who had jurisdiction of the proceedings in this State and asked that the claims be allowed.

*Held,* that the surrogate properly rejected the claims, for it is a rule of this State that claims against an estate for services in unsuccessful will contests cannot be allowed, and, if the rule is different in Michigan, comity does not require us to accept it, and furthermore, the Michigan courts had no jurisdiction of the executor of the will or of the assets within the State of New York.

APPEAL by Ralph Phelps, Jr., and others from a decree of the Surrogate's Court of the county of Madison, entered in the office of said Surrogate's Court on the 7th day of July, 1920, denying

39

appellants' petition for an order directing, among other things, the payment of certain claims out of the estate of the deceased.

*John A. Johnson* [*Hitchcock & Murphy* and *A. F. Freeman* of counsel], for the appellants.

*Carlos J. Coleman,* for the respondents.

VAN KIRK, J.:

The claims in issue here are those of attorneys who have unsuccessfully contested the will and the administration of the estate in the State of New York. There is no claim for any debt or obligation of the deceased.

The happenings and proceedings connected with the probate of the will of Elizabeth S. Eaton and the administration of the estate are set forth in *Matter of Eaton* (102 Misc. Rep. 370), in the decision of the surrogate, from which this appeal is taken, and in *Watkins* v. *Eaton* (173 Fed. Rep. 133). A very brief statement will be sufficient to present the question on this appeal. The will of Elizabeth S. Eaton and a codicil thereto were admitted to probate in Madison county, N. Y., November 12, 1906. There has been no appeal from this decree. The probate was contested by Susan C. Higgins, a sister of the deceased and a legatee under her will. Susan C. Higgins petitioned for the probate of the will in Washtenaw county, Mich., presenting certified copies of the will and codicil; the will was admitted to probate December 1, 1908, but probate of the codicil was denied. The codicil was in direct conflict with the 6th paragraph of the will, which contained the bequest to Susan C. Storms, who afterwards married Higgins, and was a revocation of this provision of the will. Various proceedings were had thereafter in the Federal and State courts, in which it was determined that the State of New York has power by statute to regulate the succession of both real and personal property, movable and immovable, within its territory; and that the will of a non-resident testator, who left personal property in New York, may be proved in New York in the county where the property is, and the decree, admitting to probate the will and codicil of a non-resident, is conclusive as to the devolution of the property, notwithstanding the probate court of the testator's domicile refused to admit to probate the codicil; that the probate of the will in New York State establishes the title to the property in those to whom it is given, and the New York decree determines the duties of the executor, who must distribute under that decree. (*Higgins* v. *Eaton,* 202 Fed. Rep. 75; *Matter of Eaton,* 159 App. Div. 7.)

The domicile of the deceased was in the State of Michigan,

where, however, she had less than $600 worth of property, consisting largely of house furnishings. Her estate, amounting to about $50,000 in securities, was at the time of her death in Madison county, N. Y., in the hands of Hervey E. Eaton, her brother-in-law and the executor named in her will and codicil. Hervey E. Eaton duly qualified as executor and so acted until his death, August, 1916, when letters of administration with the will annexed were granted to the Madison County Trust and Deposit Company and Emma S. Storms, who are now acting as such. Letters of administration with the will annexed were issued in Michigan to an attorney, Willis L. Watkins, who is still acting there. Thus there are two administrations of the estate, but, since the will and codicil were admitted to probate in New York State and the codicil, which materially modified the will, was refused probate in Michigan, the effect is an administration under different wills in the two States, with the duty resting upon the New York administrators to administer the estate and distribute the property under the decree of the Surrogate's Court of Madison county, N. Y.

The claims here we repeat are for legal services rendered in unsuccessful contests of the will and efforts to transfer the New York assets to the State of Michigan. The claimants have rendered no services in aid of the estate in New York. Upon an accounting in New York these same attorneys presented bills for services and certain amounts were allowed. (*Matter of Eaton*, 102 Misc. Rep. 370.) Upon appeal the allowances to Phelps, Freeman & Thompson were stricken out. (185 App. Div. 901.) Thereafter the same claims were presented upon an accounting in the probate court in Michigan and allowances were made. These allowances were reviewed by the Circuit Court of Michigan and judgments modifying the amounts entered in that court December 6, 1915. These judgments are now presented to the surrogate of Madison county, N. Y., who has rejected them, from which decree this appeal is taken. Our rule does not allow claims against an estate for services in unsuccessful contests; if the rule is different in Michigan, comity does not require us to accept it.

The executor of the will in the State of New York did not appear in the accounting in Michigan; the courts in Michigan had jurisdiction neither of the executor, nor of the personal property of the estate which is located in New York. The arm of the Michigan court cannot reach beyond its borders. The assets in New York State are not within the jurisdiction of the Michigan court, but are absolutely within the jurisdiction of the New York courts. It would be a curious condition if, after claims had been rejected in New York, they could be allowed in the Michigan courts, then

brought into this State and the Surrogate's Court, which had once rejected them, must adjudge them valid; and this when it has been adjudged that the decree of the Surrogate's Court in this State determines the duties of the administrators and the rights of distribution. The law does not require such inconsistency. Every State possesses exclusive jurisdiction and sovereignty over property within its limits. (*Brown* v. *Fletcher's Estate*, 210 U. S. 90.) Under the full faith and credit clause of the United States Constitution (Art. 4, § 1) when a judgment of a court of a sister State is presented in this State, the question of jurisdiction of the sister State may always be raised. (*Kerr* v. *Kerr*, 41 N. Y. 272.) In *Matter of Kimball* (155 N. Y. 62, 68) it was said that this provision of the Constitution and the acts of Congress,* " have repeatedly been held not to prevent an inquiry into the jurisdiction of the court in which the original judgment was rendered, nor into the rights of the State to exercise authority over the parties or subject matter, nor an inquiry whether the judgment is founded on or impeachable for fraud; and that such a judgment may be inquired into, although the record states facts which would give the court jurisdiction. It is equally well settled that the judgment of a court of a sister State has no binding effect in this State, unless the court had jurisdiction of the subject matter and of the person of the parties, and that want of jurisdiction may always be interposed against a judgment when it is sought to be enforced, or when any benefit is claimed for or under it."

It having been determined that the administration of the assets of the estate situated in New York is controlled by the surrogate's decree in Madison county, that the will admitted to probate in Michigan is materially different in its provisions from the will and codicil probated in New York State, and it being the rule in this State that claims of attorneys for services not in aid of the estate but rather in contesting unsuccessfully the probate of the will or in proceedings to remove the assets to another State, shall not be allowed against it, and it appearing that the Michigan courts had not jurisdiction of the executor of the will or of the assets within the State of New York, the decree of the surrogate should be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ.; KILEY, J., not sitting

Decree unanimously affirmed, with costs.

---

* See U. S. R. S. § 905 *et seq.*— [REP.