## WATKINS v. MADISON COUNTY TRUST & DEPOSIT CO.

District Court, N. D. New York.
April 4, 1930.

F. M. Freeman, of Jackson, Mich., for plaintiff.

Coville & Santry, of Oneida, N. Y., for defendant.

COOPER, District Judge.

Plaintiff brings this action in replevin as administrator with the will annexed, of the estate of Elizabeth Eaton, deceased, whose will was probated by the probate court of Washtenaw county, Mich., to recover the property, in the state of New York, of the said estate, from the defendant, the administrator with the will annexed of the same estate, appointed by the Surrogate's Court of Madison County, N. Y., which court also probated the same will together with the codicil thereto. The defendant had account-ed as such administrator to the Madison County Surrogate's Court nearly three years before this action was commenced, and his account had been approved and distribution ordered.

This is the last of a multitude of actions brought by the plaintiff and others against the defendant and its predecessors. A brief reference to such litigation is helpful to the understanding of this case.

The decedent testatrix, Elizabeth S. Eaton, died May 17, 1906, at Ann Arbor, county of Washtenaw, Mich., where she had made her home for about ten years preceding her death, leaving a will dated October 31, 1901 and a codicil of later date. Substantially all of her estate was in the state of New York in the custody of her relative, Hervey Eaton, whom the will named as executor. The will was executed in the state of New York, where she had resided before moving to Michigan.

On May 29, 1906, a petition to probate the will and codicil was filed in the Surrogate's Court of Madison County, N. Y.

After a contest by three legatees, including Susan Storms Higgins, a sister of the decedent, the will and codicil were admitted to probate in Madison county, N. Y., on November 12, 1906, and the said Hervey Eaton qualified as executor. He and his successor are herein called the New York administrator. No appeal was ever taken from the decree admitting the will and codicil to probate.

The chief difference between the will and codicil grows out of the provisions for the support of an incompetent brother of the decedent. The will provided for the payment of $100 per month during her life to the said Susan Storms for the support of the incompetent brother. Susan Storms having married Higgins, the testator by the codicil revoked the annuity of $100 per month to her and provided for the payment of $75 per month to another sister, Genevieve Storms Jacobs, and her husband, for the support of the incompetent brother.

While the contested proceedings were still pending in the Madison County Surrogate's Court and about July 23, 1906, said Susan Higgins and two other legatees, filed a petition for the probate of the said will in the probate court in Washtenaw county, Mich., and alleged that the codicil was invalid because of testator's incompetence. Such proceedings were had that on November 30, 1908, two years after the probate in Madison county, N. Y., the will was admitted to

probate in Washtenaw county, Mich., but the codicil was denied probate, and letters of administration with the will annexed were issued to the plaintiff herein, who is hereinafter called the Michigan administrator.

On May 3, 1917, the defendant was appointed administrator with the will annexed to succeed said Hervey Eaton, who had died.

On July 1, 1909, plaintiff brought the first of many suits. On that day plaintiff commenced a suit in equity in this court against Hervey S. Eaton, as the New York administrator, to compel him to turn over to plaintiff, as Michigan administrator, all property of the decedent which had come into Eaton's control. The defendant demurred to the complaint, and the Circuit Court sustained the demurrer in 173 F. 133. The Circuit Court of Appeals in this circuit, in 183 F. 384, affirmed the lower court. There was no decision in either court that the New York probate had precedence over the Michigan probate, but turned upon the lack of power of a federal court to take property from the possession of the state court and upon the inability of the Michigan administrator to bring a suit in the state of New York without first obtaining ancillary letters of administration in this state.

About the same time a bill in equity was filed in this court by Mrs. Susan Storms Higgins, a sister of the deceased and a legatee, to have her rights declared and her legacy of $100 monthly paid to her under the Michigan probate, where the codicil which revoked such legacy under the will was refused probate. This bill was demurred to and the demurrer sustained, Judge Learned Hand sitting, and his opinion is reported at (C. C.) 178 F. 153. The Circuit Court of Appeals in 183 F. 388, reversed the Circuit Court, and overruled the demurrer.

The suit then came on for trial, and the trial judge gave judgment for the plaintiff therein, in effect holding that the Michigan probate had precedence over the New York probate (C. C.) 188 F. 938. An appeal was taken by the New York administrator to the Circuit Court of Appeals.

While this appeal was pending, Susan S. Higgins brought a proceeding against the New York administrator in the Madison County Surrogate's Court to enforce the judgment rendered in her favor by the District Court of this district. The then surrogate refused to enforce the judgment of this court, but did direct the New York administrator to pay her the $100 monthly provided in the sixth clause of the will revoked

by the codicil. This was the major portion of the relief granted by the judgment of this court.

The Circuit Court of Appeals later handed down a decision reported in 202 F. 75, reversing the judgment of this court, overruling its former decision reported in 183 F. 388, and directing that plaintiff's complaint be dismissed. This decision established the precedence of the New York probate over the Michigan probate so far as the parties to that action were concerned. Certiorari to the United States Supreme Court was denied 229 U. S. 622, 33 S. Ct. 1049, 57 L. Ed. 1355.

After the decision in the Circuit Court of Appeals in 202 F. 75, the New York administrator appealed to the New York Appellate Division from the decree of the Surrogate's Court of Madison County directing that $100 per month be paid to Susan S. Higgins, and the same was reversed; the Appellate Division holding that the decision of the United States Circuit Court of Appeals that the Michigan probate had no precedence over the New York probate was res adjudicata. See Matter of Eaton, 159 App. Div. page 7, 144 N. Y. S. 254. The decision was rendered in November 1913.

In 1916 the plaintiff herein applied to the Surrogate's Court of Madison County for ancillary letters of administration. The application was denied, and the opinion of the surrogate reported in 102 Misc. Rep. 370, 169 N. Y. S. 871. The surrogate's decision was affirmed without opinion in 186 App. Div. 925, 172 N. Y. S. 888, on the authority of Matter of Eaton, 159 App. Div. 7, 144 N. Y. S. 254. Leave to appeal to the Court of Appeals was denied in October, 1919.

In 1919 the plaintiff and various attorneys, including the original attorney for the plaintiff herein, who were not creditors of the decedent at the time of her death, but who had apparently rendered services to plaintiff, presumably partly at least in the litigation above referred to, applied to the Surrogate's Court of Madison County for an order directing the then New York administrator to pay certain judgments and awards of the probate court of Washtenaw county, Mich., as affirmed on appeal by the circuit court of that county.

The Madison County Surrogate's Court denied the application as reported in 108 Misc. Rep. 590, 178 N. Y. S. 825, and the Appellate Division in 204 App. Div. 609, 198 N. Y. S. 579, unanimously affirmed the de-

cision of the Surrogate's Court, holding that the probate of the will in New York state establishes the title to the property (in New York state) in those to whom it is given, and the New York decree determines the duties of the executor who must distribute under that decree, basing its decision in part on the previous adjudications in this case in 202 F. 75, and 159 App. Div. 7, 144 N. Y. S. 254. This was, in substance, a holding that in this case the Michigan probate was subordinate to and not precedent over the New York probate. Leave to appeal to the Court of Appeals was denied February 26, 1925.

Upon the death in July, 1924, of the incompetent brother of the decedent, the distribution became necessary under the will, and the defendant rendered its account as such administrator. On September 28, 1925, the Surrogate's Court of Madison County, N. Y., entered its order or decree of approval of the final judicial settlement of defendant's account as administrator, etc., and directed distribution to the legatees under the will. The plaintiff herein appeared in that court upon the final accounting, objected to distribution by defendant as administrator with will annexed, and asked that distribution be made direct to him as Michigan administrator so that he might distribute the funds of the estate pursuant to the laws of Michigan under the will and decree as established and made in Washtenaw county, Mich. The plaintiff also asked in the accounting proceedings in the Madison County Surrogate's Court that, if deemed necessary, ancillary letter of administration be granted to him.

The Madison County Surrogate's Court overruled the objection of the defendant Michigan administrator and denied his various applications. The opinion of that court is reported in 125 Misc. Rep. 629, 211 N. Y. S. 845. Appeal was taken therefrom by plaintiff herein, and the decision of the Surrogate's Court was unanimously affirmed by the Appellate Division of the Supreme Court without opinion in 217 App. Div. 704, 215 N. Y. S. 839. The court based its affirmance on the authority of Matter of Eaton, 204 App. Div. 609, 198 N. Y. S. 579. The plaintiff herein then sought to appeal to the Court of Appeals, but leave to appeal was denied in October, 1926.

In October, 1926, plaintiff commenced in this court an action against this defendant in its individual and not representative capacity, in conversion, to recover the value of the estate of the decedent. Defeated in this court, he appealed to the Circuit Court of Appeals, and there it was held that the statute of limitations had run against plaintiff. 24 F.(2d) 370. Certiorari was denied by the United States Supreme Court, 277 U. S. 602, 48 S. Ct. 562, 72 L. Ed. 1010.

The case at bar was brought shortly after November 7, 1928, by the Michigan administrator against the defendant, also in its individual capacity, and not in its capacity as New York administrator.

The action is in replevin, and seeks to recover from the defendant in its individual capacity all the securities which the deceased left in Madison county, N. Y., at the time of her death, or their value. It is conceded that said securities were converted into cash before the commencement of this action.

This is the last of numerous actions brought in various forms by this plaintiff and others to establish the precedence of the Michigan probate over the New York probate and take the decedent's New York property from the New York administrator and transfer it to the Michigan administrator.

The plaintiff's position in the case at bar is that the county of Washtenaw, state of Michigan, is the place and the only place of primary jurisdiction for the probate of the will of the deceased, since she was unquestionably a resident of that county at the time of her death, and had been for some years prior thereto.

Based on that assumption, plaintiff contends that the title and right to possession of all securities of the deceased which were in this state, together with all other property of the decedent, is, and at all times since the Michigan probate has been, in the plaintiff Michigan administrator, and was never in the New York administrator.

Proceeding still further, the plaintiff contends that the possession of the defendant, either as individual or as New York administrator, as well as that of his predecessors, was at all times wrongful and unlawful, because the probate of the will by the Surrogate's Court of Madison County as the court of primary jurisdiction and not that of ancillary jurisdiction was without authority of law and void, and gives no protection to the defendant, and of necessity makes defendant's possession unlawful.

It is by this process of reasoning that plaintiff administrator seeks to establish the things essential to an action in replevin, viz. title and right of possession in himself and wrongful possession by the defendant in its individual capacity.

Plaintiff Michigan administrator has been defeated in every action and proceeding which he has brought to compel the New York administrator to transfer this estate to himself. The New York administrator has been directed by the Madison County Surrogate's Court to distribute the estate to those entitled under the will probated in both states and has distributed the same except to the residuary legatees. Plaintiff asks that defendant trust company pay out of its own funds a sum equal to the full amount of the estate, not excepting commissions and allowances, in order that the Michigan administrator may pay the legatees their legacies a second time, less, of course, some very substantial allowances made by the Michigan court. If plaintiff succeeds in this last action, the legatees will receive their legacies twice, and the defendant trust company, after having faithfully accounted for the estate of the decedent, received by it in a fiduciary capacity, and paid the same to the legatees entitled thereto, will be compelled to pay to the Michigan administrator out of its own funds the full amount of the estate, besides receiving no compensation for its years of service, and the counsel for the Michigan administrator will finally receive compensation heretofore denied them for the extensive and unnecessary litigation prosecuted by them. The lack of equity in plaintiff's complaint is manifest.

Having been defeated in his conversion action above referred to by the statute of limitations, plaintiff claims to escape the statute of limitations in this, his replevin action, upon the theory that an action in replevin will not lie while the chattels are in possession of a court through the New York administrator, and that his right of action in replevin did not begin to run until after the defendant was discharged as New York administrator.

Plaintiff's difficulty is that, except as to the statute of limitations, all the questions on the decision of which in this action favorable to himself he bases his present replevin action, have been decided adversely to him by both state and federal courts, and, so far as the state courts are concerned, in actions in which the plaintiff was a party.

In 1918 the plaintiff Michigan administrator applied to the Surrogate's Court of Madison County, N. Y., for ancillary letters of administration based on the decree of the Michigan probate court, granting him letters of administration with the will annexed. Had these letters been granted, it would have established the precedence and dominance of the Michigan administrator. Such precedence and domination is essential to plaintiff to the maintenance of this action. The Surrogate's Court of Madison County refused to grant such ancillary letters (102 Misc. Rep. 370, 169 N. Y. S. 871), and the decision was unanimously affirmed without opinion in 186 App. Div. 925, 172 N. Y. S. 888, and leave to appeal to the Court of Appeals was denied by that court. That is res adjudicata as to the plaintiff.

In 1919, another attempt was made to get a decision of the Surrogate's Court of Madison County, N. Y., the effect of which would be to give precedence and dominance to the Michigan court. Plaintiff administrator and his attorney applied to the Madison County Surrogate's Court for payment out of funds of the estate in the hands of the New York administrator of certain bills, called judgments, which had been allowed by the Washtenaw county, Mich., probate court and affirmed by the appellate court of that county. The Madison County Surrogate's Court denied the application on the ground that the decrees and judgments of the Michigan court were ineffectual and void in this state, 108 Misc. Rep. 590, 178 N. Y. S. 825. The decision was unanimously affirmed by the Appellate Division (204 App. Div. 609, 198 N. Y. S. 579), and leave to appeal to the Court of Appeals denied.

Thus once again the state court held that the Michigan probate court's decrees were not only not superior in force and effect to those of the Madison County Surrogate's Court, but were of no effect at all so far as they interfered with property in the possession of the defendant administrator appointed by the New York court.

Still again, on the final accounting by the defendant administrator in 1925, the surrogate approved the account and directed distribution by the defendant administrator to the legatees named in the will, and refused the demand of the Michigan administrator that the funds be paid to him for distribution under the decrees of the Michigan court. 125 Misc. Rep. 629, 211 N. Y. S. 845. The plaintiff administrator appealed to the Appellate Division, which unanimously affirmed the Surrogate's Court. 217 App. Div. 704, 215 N. Y. S. 839. Again leave to appeal to the Court of Appeals was denied.

Thus three times the state courts have defeated plaintiff's claim (1) that the Michigan court was the court of primary jurisdic-

tion; (2) that the New York court has no jurisdiction to act at all; (3) that the acts of the New York probate court were void and afforded no protection to defendant; (4) that all of the acts as New York administrator were also void.

It is rare indeed that the same question between the same parties is decided so many times and in so many different kinds of suits by the same courts.

Plaintiff's proposition that the Michigan court's decree has precedence and dominance as to testator's property in this state has thus been repeatedly decided against him, and is res adjudicata in the state courts; and, if such in the state courts, it is also res adjudicata in the federal courts in an action between the same parties involving the same subject-matter.

The reason therefor is well stated in the Matter of Eaton, 159 App. Div. 7, 144 N. Y. S. 254, 256, where that court said, concerning matters decided in the federal court: "It is conceded by all parties concerned herein that the United States courts had jurisdiction to hear and determine the suit concerning this subject-matter. Having jurisdiction and having made an adjudication, their determination is beyond all doubt res adjudicata. Whatever they determined is the law, binding upon this court, binding upon all the litigants, surely binding upon Mrs. Higgins (Appellant) who chose the forum. To hold otherwise would be to make all the proceedings in the United States courts a nullity."

In the actions in the federal court, the plaintiff was not a party to any actions which reached the Circuit Court of Appeals except in 183 F. 384, and 24 F. (2d) 370. In neither of these cases was the question decided that the New York court was the court of primary jurisdiction and that it might administer the estate to the exclusion of the Michigan administrator.

But in 202 F. 75, the appellant was Susan Higgins, and the question involved was the effect of the statutes of the state of New York and the decree of the Surrogate's Court of Madison County in admitting this will to probate, not as the court of ancillary jurisdiction, but that of primary jurisdiction.

The Circuit Court of Appeals (Second Circuit) said in that case as given in the headnote: "Under Decedent Estate Law N. Y. * * * a decree of the Surrogate's Court of the county in New York in which a nonresident testator left personal property, admitting the will and codicil to probate, was conclusive as to the devolution of such personal property, notwithstanding the court of the testator's domicile refused to admit the codicil to probate for alleged want of testamentary capacity."

If this cannot be said to be strictly res adjudicata as to the Michigan administrator because he was not a party thereto, nevertheless it is a construction by the Circuit Court of Appeals of this circuit of the statutes of the state of New York applicable to this particular decedent's will and codicil and of plaintiff's status under the probate thereof by the probate court of New York and also under the probate of the will by the Michigan probate courts and its refusal to probate the codicil. That decision establishes that the probate of this particular will and codicil under the New York statutes by the Surrogate's Court of Madison County, N. Y., has precedence over the Michigan probate of the will and denial of the probate of the codicil so far as the property in this state is concerned. This decision on the precise question of law here involved and upon the same will and codicil is controlling in this court against all persons.

Thus the highest courts of the state and the Circuit Court of Appeals of this circuit have given a like construction to the state statute governing the probate of the decedent's will so far as the property of the decedent in this state is concerned, and have upheld the Madison County Surrogate Court's exercise of exclusive jurisdiction over decedent's property in this state. By necessary inference, therefore, the title and right of possession and power of distribution of decedent's estate resides in the New York administrator, and his possession of the decedent's property in this state is, and at all times has been, lawful and not wrongful.

Plaintiff's case must utterly fail, therefore, unless by reason of the fact that he has brought his action in a new form, viz. replevin.

But, in whatever form he brings his action, he must fail, so long as he predicates it, as he does, upon the claim that the Michigan court was the only court entitled to probate the will; that the New York court had no jurisdiction save an ancillary one, which it did not exercise; that plaintiff was at all times vested with legal title and right of possession because the Michigan court was the only court of primary jurisdiction, and the defendant has no title or right of possession at all; that defendants' posses-

sion is unlawful and wrongful because the New York court's decrees are void and of no affect. The reason for such failure is that the fundamental questions on which plaintiff builds his edifice in replevin have all been repeatedly decided against him by the state courts and by the Circuit Court of Appeals of this circuit, and this court is bound by these decisions, and the plaintiff's edifice must fall with the foundations thereof.

■ That a change in the form of the action does not enable a plaintiff to escape the force of a judgment in a former action between the parties concerning the same subject-matter is declared in Schuykill Fuel Corporation v. Nieberg Realty Corporation, 250 N. Y. 304, 165 N. E. 456, 457. And this is so whether the doctrine holding the plaintiff bound, regardless of the form of the action, be called res adjudicata or estoppel by judgment.

The court said: "A judgment in one action is conclusive in a later one, not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first (citations). It is not conclusive, however, to the same extent when the two causes of action are different, *not in form only* (Baltimore Steamship Co. v. Phillips, 274 U. S. 321, 47 S. Ct. 600, 71 L. Ed. 1069), *but in the rights and interests affected.* The estoppel is limited in such circumstances to the point actually determined (citation). * * *"

See, also, Baltimore Steamship Company v. Phillips, 274 U. S. 321, 47 S. Ct. 600, 71 L. Ed. 1069, Southern Pacific Railway Company v. U. S., 168 U. S. 49, 18 S. Ct. 18, 42 L. Ed. 355, and Davis, Trustee, v. Mabee (C. C. A.) 32 F.(2d) 502, 503.

■ Even if the questions at issue were not res adjudicata as to the plaintiff, the right of the state of New York and of its courts to administer property within its own borders according to its own laws is clear, and must be respected by the federal courts. Brown v. Fletcher's Estate, 210 U. S. 82, 28 S. Ct. 702, 52 L. Ed. 966; State of Iowa v. Slimmer, 248 U. S. 115, 39 S. Ct. 33, 63 L. Ed. 158; Higgins v. Eaton (C. C. A.) 202 F. 75, 81; State of Colorado v. Harbeck, 233 N. Y. 71, 133 N. E. 357; Matter of Bliss, 121 Misc. Rep. 773, 202 N. Y. S. 185.

■ The federal courts are bound by the decisions of the proper probate courts of the state upon the probate of wills and their construction, and have no power of disposition of the funds in possession of the Surrogate's Courts. Boal v. Metropolitan Museum of Art, 19 F.(2d) 454 (C. C. A. Second Circuit).

■ True, the last was a suit brought directly for the construction of a will and this in form is an action for replevin. But in effect this court is asked in the case at bar to override the decision of one of the Surrogate's Courts of New York state. Unless this court does so, plaintiff has no title or right of possession, and defendant has no wrongful possession, and plaintiff's action must fail for that reason alone. Moreover, since full distribution has not been made, the defendant has not been finally discharged by the Madison County Surrogate's Court, and the situation upon which plaintiff relies to defeat the statute of limitations has not yet arisen. In other words, the action is premature. But, if we assume that distribution has been fully made and the defendant administrator has been finally and fully discharged, there is grave doubt that plaintiff can maintain an action in replevin under the circumstances assumed to exist here, for defendant had no possession at the commencement of the action, having parted with possession under order of the court. In 1924, upon the death of the incompetent, the Surrogate's Court of Madison County approved the account of the defendant and directed it to pay out the funds in its possession to the legatees named in the will. True, defendant doubtless filed the account voluntarily, but that is a matter of small moment. The defendant trust company could have been compelled to file its account by any party interested in the estate. True, it did not resist when the order of the surrogate commanding it to distribute to the legatees was made; the only resistance was made by the plaintiff, who objected and appealed, but resistance on the part of the defendant would have been futile. To have resisted would have put it in contempt of court.

All the legatees under the will petitioned the Madison County Surrogate's Court that distribution of the estate be made by that court through the defendant as administrator with the will annexed. When the defendant distributed the cash equivalent of these assets to the legatees be assumed it cannot be said to have done so willfully, or by collusion to avoid plaintiff's rights, or even

willingly, but did it by compulsion of the court and law. This replevin action was not brought until after such assumed distribution under the surrogate's decree, so far as appears in this case. So that, in legal effect, the assets of the estate were taken from the defendant by legal process before the commencement of this action, and such taking defeats an action in replevin, even in this state. Sinnott v. Feiock, 165 N. Y. 444, 59 N. E. 265, 267, 53 L. R. A. 565, 80 Am. St. Rep. 736.

In that case the court said: "We have thus reviewed the leading cases in this country in reference to the circumstances under which an action of replevin can be maintained. None of them authorizes the maintenance of the action under the circumstances of the present case. In all of them replevin is held to be essentially a possessory action. In many of the states it is unqualifiedly a requisite for the maintenance of the action that the defendant should be in possession of the chattels sued for at the time the action was commenced. In others, as in our own state, an exception is made to the general rule where the defendant has voluntarily parted with the property. Still the exception goes only to the extent stated. The law in Virginia and Kentucky is substantially the same as our own, and the cases cited from those states are well reasoned on principle. The case at bar falls within the rule stated in those cases,—that, where the *defendant is evicted by legal process before suit brought, the action will not lie.*"

See, also, Duboff v. Haslan, 195 App. Div. 117, 121, 186 N. Y. S. 481.

Still another consideration presents itself. The basis of an action in replevin is title and right of possession in the plaintiff and wrongful possession by defendant, unless he has wrongfully parted with that possession. If plaintiff has come into possession before the commencement of the action, an action in replevin cannot be maintained. Sinnott v. Feiock, 165 N. Y. 444, 59 N. E. 265, 53 L. R. A. 565, 80 Am. St. Rep. 736; Jawitz v. Reitman, 128 Misc. Rep. 20, 217 N. Y. S. 480, and cases cited.

While plaintiff does not have actual possession either in his individual or his representative capacity, the persons whom he represents actually have possession (be assumed) because the same has been delivered to them by the defendant. Viewing this as a representative action, therefore, and the legatees as the real parties in interest, the plaintiff must fail at the threshold because possession is and was at the commencement of the action not in the defendant, but in those whom the plaintiff represents.

Still another reason why this case should be decided against the plaintiff presents itself. It must be conceded that the plaintiff is not suing in his own right, but in a representative capacity, representing the legatees under the will of the decedent. These legatees have already availed themselves of the benefits of the decree of the Surrogate's Court of Madison County, and have received from this defendant all the moneys to which they are entitled under the will of the decedent from the decedent's estate, as has been assumed.

If, therefore, we look at the plaintiff as not suing as an individual but as a representative of the legatees, and that the legatees themselves are the real parties plaintiff in interest, then the doctrine may be invoked that a party cannot enjoy the benefits awarded to him by a judgment and deny the force of the adjudication. Mills as administrator v. Hoffman, 92 N. Y. 182.

And finally it should be said that the plaintiff, never having obtained ancillary letters of administration in this state, cannot bring this action. Watkins v. Eaton (C. C. A.) 183 F. 384.

The plaintiff's citations upon this question are not in point. Indeed, the plaintiff is estopped from suing as administrator in this court by the judgment affirmed in 183 F. 384, between the same parties, upon the same subject-matter. Plaintiff did not appeal, and that decision was never reversed or overruled by the court.

It is not necessary to discuss any of the other defenses interposed by the defendant.

The complaint must be dismissed on the merits, with costs, and judgment may be entered to that effect.